In re NATIONAL OFFICE PRODUCTS, INC. Debtor.

Matthew J. McGOWAN, Trustee, Plaintiff,

v.

DUPUIS OIL COMPANY, Defendant.

Bankruptcy No. 88–00491.

Adv. No. 90–1072.

United States Bankruptcy Court, D. Rhode Island.

Oct. 3, 1990.

Thomas S. Hemmendinger, Strauss, Factor, Hillman & Lopes, Providence, R.I., for Trustee.

Charles H. McLaughlin, Providence, R.I., for Dupuis Oil Co.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 5, 1990 on the complaint of the Trustee to recover, as a preferential transfer, a $2,442.56 payment to the defendant, Dupuis Oil Company ("Dupuis"), made within ninety days of the filing of the debtor's bankruptcy petition.

The parties have stipulated that a prima facie case exists under § 547(b), and that the only issue before the Court is whether the "ordinary course of business" defense applies.

Based upon the agreed facts [1], which, in our opinion, indicate no discernable pattern of payment by the debtor to Dupuis since 1985, we find as a fact and conclude as a matter of law that this payment was made in the ordinary course of business, as it existed between the debtor and Dupuis Oil. 11 U.S.C. § 547(c)(2).

Although this section is more easily applied where there has been a regular or customary practice of billing and payment between the parties, from which a discernable pattern can be identified in order to determine whether the payment in question departs therefrom, *see, e.g., Blasbalg v. The Narragansett Electric Company (In re Miner Industries, Inc.),* 119 B.R. 6 (Bankr.D.R.I.1990), the ordinary course of business defense is not limited to only regular payment patterns. "Even if the debtor's business transactions were irregular, they may be considered 'ordinary' for purposes of § 547(c)(2) if those transactions were consistent with the course of dealings between the particular parties." *In re Fulghum Construction Corp.,* 872 F.2d 739, 19 B.C.D. 372, 375 (6th Cir.1989) (other citations omitted).

On the facts before us, the parties never established a regular pattern of payment, but instead dealt continuously on a sporadic and irregular basis. Thus, this erratic payment practice became the "ordinary course of business" between these parties.

Accordingly, we conclude that the payments in question are consistent with this practice, and ORDER that the Trustee's complaint to recover a $2,442.56 payment be and is DENIED.

Enter Judgment consistent with this opinion.

---

1. The hearing consisted of representations and arguments of counsel, and did not include testimonial evidence.